United States District Court

For the Northern District of California

1

2

3

4

5                                    **NOT FOR PUBLICATION**

6                             IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JERRY TRAHAN,

10            Plaintiff,                              No. C 09-03111 JSW

11        v.                                          **ORDER GRANTING MOTION TO**
                                                      **REMAND**
12   U.S. BANK NATIONAL ASSOC.,

13            Defendant.

14   _____/

15                                     **INTRODUCTION**

16          Now before the Court for consideration is the Motion to Remand filed by Plaintiff Jerry

17   Trahan ("Trahan").  Having considered the parties' papers, relevant legal authority, the record

18   in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS the

19   motion.[1]

20                                     **BACKGROUND**

21          On May 28, 2009, Trahan filed a complaint in Alameda County Superior Court, in

22   which he seeks relief on behalf of himself and a putative class defined as "[a]ll current and

23   former California based employees of U.S. Bank, N.A. with the title 'Business Banking

24   Officer,' including trainees for the Business Banking Offer [*sic*] position, however titled, who

25   worked at any time from September 27, 2005 up to the time the class is certified."  (Declaration

26   of Edward J. Wynne in Support of Motion to Remand ("Wynne Decl."), Ex. 1 (Compl. ¶ 15).)

27

28

_____

        [1]     **Northern District Local Rule 3-4(c)(2) requires footnote text to be in**
**twelve point font.  Each party has violated this rule.**

United States District Court

For the Northern District of California

1    Trahan's allegations against U.S. Bank arise following a judgment in *Duran v. U.S.*

2    *National Bank Association*, Alameda Co. Sup. Ct. Case No. 2001-035537, in which that court

3    determined that Defendant U.S. National Bank Association ("U.S. Bank") illegally mis-

4    classified employees with the title Business Banking Officer or Small Business Banking Officer

5    as exempt employees.  According to Trahan, U.S. Bank "has not reclassified the Business

6    Banking Officers" as nonexempt employees and, as a result, U.S. Bank has failed to pay Trahan

7    and the putative class overtime and rest and meal breaks to which they are entitled.  Trahan also

8    contends that U.S. Bank willfully failed to pay earned and unpaid wages to Trahan and class

9    members upon termination of employment.  (*See* Compl. ¶¶ 12-14, 22-43.)  Based on these

10   allegations, Trahan asserts claims for violations of California Labor Code § 1194, violations of

11   California Business and Professions Code § 17200, violations of California Labor Code § 203,

12   and Conversion.  Trahan also seeks statutory penalties under California Labor Code §§ 210,

13   226.3, 558, 1174.5.

14   On July 9, 2009, U.S. Bank removed the action to this Court and contends that subject

15   matter jurisdiction exists based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

16   1331(d)(2)(A), and based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

17   **ANALYSIS**

18   **A.     Legal Standards Relevant to Removal Jurisdiction.**

19   "[A]ny civil action brought in a State court of which the district courts of the United

20   States have original jurisdiction, may be removed by the defendant ... to the district court of the

21   United States for the district and division embracing the place where such action is pending."

22   *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation

23   omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.

24   *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly,

25   the burden of establishing federal jurisdiction for purposes of removal is on the party seeking

26   removal, and the removal statute is construed strictly against removal jurisdiction.  *Valdez v.*

27   *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d

28

2

1    564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the

2    right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

3         CAFA provides that district courts have original jurisdiction over any class action in

4    which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member

5    is a citizen of a state different from any defendant, (3) the primary defendants are not states,

6    state officials, or other government entities against whom the district court may be foreclosed

7    from ordering relief, and (4) the number of plaintiffs in the class is at least 100.  28 U.S.C. §§

8    1332(d)(2), (d)(5).  District Courts also have original jurisdiction over "all civil actions where

9    the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

10   and is between ... citizens of different states."  28 U.S.C. § 1332(a)(1).

11        "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on

12   the proponent of federal jurisdiction."  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676,

13   685 (9th Cir. 2006).  Thus, U.S. Bank bears the burden to establish that this Court has

14   jurisdiction over Trahan's claims.  *Id.*  In order to determine whether the removing party has

15   met its burden, a court may consider the contents of the removal petition and "summary-

16   judgment-type evidence."  *Valdez* 372 F.3d at 1117.[2]

17   **B.    Trahan's Motion is Granted.**

18        **1.    The Preponderance of the Evidence Standard Applies.**

19        Because the parties do not agree on the appropriate burden of proof, the Court first

20   addresses that issue.  The Ninth Circuit has "identified at least three different burdens of proof

21   which might be placed on a removing defendant in varying circumstances," only two of which

22   are pertinent to this case.  *Guglielmino v. McKee Foods, Inc.*, 506 F.3d 696, 699 (9th Cir. 2007).

23   If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite

24

25        [2]    On November 10, 2009, Trahan filed a request for consideration of
     supplemental material.  (Docket No. 51.)  In that request, Trahan asks the Court to consider a
26   Settlement Agreement between U.S. Bank and the United States Department of Labor, two
     U.S. Bank Job descriptions, and two orders issued in *Perry v. U.S. Bank*, No. 00-CV-1799-
27   PJH.  U.S. Bank objects to Trahan's request.  The Court SUSTAINS IN PART those
     objections and has not considered the Settlement Agreement or the U.S. Bank job
28   descriptions.  Because the Court may take judicial notice of court records, however, U.S.
     Bank's objections to consideration of the orders in the *Perry* case are OVERRULED.

United States District Court
For the Northern District of California

amount in controversy is pled[,] ... a preponderance of the evidence standard" applies.  *Id.*
(citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  If, however, "a
state-court complaint affirmatively alleges that the amount in controversy is less than the
jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's
jurisdictional amount is met.'"  *Id.* (quoting *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d
994, 1000 (9th Cir. 2007)).

Trahan contends that, because he affirmatively alleges that "[t]he aggregate damages of
the class, exclusive of interests and costs, do not exceed $5,000,000," the legal certainty
standard applies.  U.S. Bank agrees that Trahan alleges that aggregate damages are below
CAFA's jurisdictional minimum.  However, relying on *Guglielmino*, U.S. Bank argues that the
preponderance of the evidence standard applies, because, when the Court takes into account the
other forms of relief that Trahan seeks, including the value of penalties and attorneys' fees, the
Complaint is ambiguous as to the total amount in controversy.

In *Guglielmino*, the plaintiff alleged that "'[t]he damages to each [p]laintiff are less than
$75,000.  In addition, the sum of such damages and the value of injunctive relief sought by
plaintiff in this action is less than $75,000."  *Id.* at 700 (quoting complaint)).  The plaintiff in
the *Guglielmino* case, however, had not set forth a total dollar amount in controversy in his
prayer for relief, but he did seek, *inter alia*, attorneys' fees and back payments of health benefits
and taxes.  The court found that the latter relief did "not fall comfortably within the realm of
'damages' and are not labeled as such in the Prayer for Relief."  Thus, because the plaintiff did
not repeat his disclaimer in the Prayer for Relief, "the complaint fail[ed] to allege a sufficiently
specific total amount in controversy."  *Id.* at 700-01.  Therefore, the court concluded that the
preponderance of the evidence standard applied.

In decisions rendered after *Guglielmino*, courts have concluded that where a plaintiff
expressly states that the "claim" or the "amount in controversy" is less than the jurisdictional
threshold, the complaint is sufficiently certain and the legal certainty standard applies.  *See, e.g.,*
*Castillo v. Apple Core Enterprises, Inc.*, 2009 WL 2849124 at *1-*2 (S.D. Cal. Sept. 1, 2009)
(complaint alleged that "the amount in controversy does not reach or exceed Five Million

4

1    Dollars"); *Green v. Staples Contract & Commercial, Inc.*, 2008 WL 5246051 at *3 (C.D. Cal.

2    Dec. 10, 2008) (applying legal certainty standard where plaintiff limited "'aggregate claim' to

3    less than $5 million, which includes all possible forms of relief, and not just damages"); *Tate v.*

4    *U.S. Bank National Association*, 2007 WL 1170608 at *4-*5 (D. Or. April 17, 2007) (applying

5    legal certainty standard where plaintiff alleged that "the aggregate of claims" did not exceed

6    five million dollars); *see also Guglielmino*, 506 F.3d at 700 n.4 (distinguishing *Lowdermilk* on

7    the basis that the *Lowdermilk* court read the complaint's references to "'aggregate total of

8    claims' to include *everything* sought, including attorneys' fees") (emphasis in original).

9          The Court concludes that Trahan's allegations in this case more closely resemble the

10   plaintiff's allegations in the *Guglielmino* case than the allegations in the *Lowdermilk*, *Castillo,*

11   *Green* or *Tate* cases.  Although he contends that the aggregate damages are less than

12   $5,000,000, Trahan does not repeat that disclaimer in his Prayer for Relief.  In addition, Trahan

13   seeks statutory penalties and attorneys' fees on behalf of the class, which do "not fall

14   comfortably within the realm of 'damages' and are not labeled as such in the Prayer for Relief."

15   *Guglielmino*, 506 F.3d at 700-01.  Accordingly, the Court concludes that the preponderance of

16   the evidence standard applies.

17          **2.       U.S. Bank Has Not Met Its Burden to Show that the Amount in Controversy
                       Exceeds $5,000,000.**
18

19          U.S. Bank contends that the total amount in controversy is at least $6,491,652.38[3] for

20   the putative class, a sum which includes $2,412,331.35 in punitive damages using a one-to-one

21

22          [3]       U.S. Bank's calculation of the amount in controversy consists of $657,908.55
     in damages on the overtime claim and $1,754,422.80 in damages for the meal and rest break
23   claim.  One of the primary disputes between the parties pertains to the number of
     workweeks used to calculate damages relating to the overtime and meal and rest break
24   claims.  Because the Court finds that U.S. Bank's arguments on punitive damages fail, the
     Court need not resolve this dispute.
25
            Trahan also disputes U.S. Bank's calculation of the number of putative class
26   members.  U.S. Bank submits two declarations from Tim Bruzek, in which Mr. Bruzek
     attests that he has reviewed U.S. Bank records and has determined that, based on those
27   records, there are 123 putative class members.  Based on those declarations, the Court finds
     that U.S. Bank has shown that it is more likely than not that there are more than 100 class
28   members and overrules Trahan's objections to Mr. Bruzek's declarations.  *See* Fed. R. Evid.
     803(6), 1006.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   ratio between compensatory damages.  (*See* Opp. Br. at 7 n.6.)  The Court may consider

2   punitive damages and attorney's fees to determine whether U.S. Bank has satisfied its burden to

3   establish the requisite amount in controversy, when punitive damages and attorneys' fees are

4   authorized by state law.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 946 (9th Cir.2001) ("It is

5   well established that punitive damages are part of the amount in controversy in a civil action");

6   *Galt v. Scandinavia,* 142 F.3d 1150, 1156 (9th Cir.1998) ("We hold that where an underlying

7   statute authorizes an award of attorneys' fees, either with mandatory or discretionary language,

8   such fees may be included in the amount in controversy.").  Here, Trahan seeks punitive

9   damages with respect to his claim that U.S. Bank wrongfully converted his wages and the

10  wages of the punitive class.  (Compl. ¶¶ 38-41.)

11          "To establish probable punitive damages, [a] defendant may introduce evidence of jury

12  verdicts in cases involving analogous facts."  *Simmons v. PCR*, 209 F. Supp. 2d 1029, 1033

13  (N.D. Cal. 2002).  In its Notice of Removal, U.S. Bank cited to *Savaglio v. Wal-Mart Stores,*

14  *Inc.* in support of its calculation of punitive damages.  (Notice of Removal ¶ 31.)  According to

15  U.S. Bank, the jury in that case awarded $115,000,000 in punitive damages, an award which the

16  trial court upheld.  *See Sevaglio v. Wal-Mart Stores, Inc.*, 2006 WL 3626295 (Cal. Sup. Dec. 6,

17  2006) (denying defendant's motion for judgment as a matter of law on punitive damages

18  award).        U.S. Bank cites only one other case involving an analogous conversion claim,

19  *Green v. Party City*, 2002 WL 553219 (C.D. Cal. Apr. 9, 2002).  In the *Green* case, the court

20  noted that, in general, claims for conversion under California law have resulted in large punitive

21  damages awards.  *Id.*, 2002 WL 553219 at *3.  However, the court also concluded, as a matter

22  of law, that the plaintiff could not maintain a conversion claim based on the failure to pay

23  overtime wages.  Because the plaintiff was not entitled to punitive damages based on that claim,

24  that fact negated a showing that the amount in controversy exceeded the jurisdictional

25  minimum.  *Id.*, 2002 WL 553219 at *4-*5.

26          U.S. Bank has not directed the Court to any other cases addressing punitive damages in

27  the context of wage and hour claims, whether based on statutory violations or on claims for

28  conversion.  However, courts within this district and in other districts within California have

**United States District Court**
For the Northern District of California

1   concluded that conversion claims such as Trahan's cannot be maintained as a matter of law.

2   *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1009-1010 (N.D. Cal. 2007); *In re*

3   *Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal.

4   2007); *Pulido v. Coca-Cola Enterprises, Inc.*, 2006 WL 1699328 (C.D. Cal. May 25, 2006).  In

5   addition, at least one California court recently has held that punitive damages are not

6   recoverable for violations of the Labor Code statutes regulating meal and rest breaks.  *See*

7   *Brewer v. Premier Golf Properties*, 168 Cal. App. 4th 1243, 1252-1256 (2008).  Although a

8   conversion claim might normally support an award of punitive damages, in light of this

9   authority, and without prejudging the issue, the Court concludes that it would be speculative at

10  best to conclude that Trahan would be entitled to punitive damages in this case.

11          In the absence of analogous cases, U.S. Bank primarily relies on its net worth to support

12  its punitive damage calculation, and it argues that "where the net worth of the company is large,

13  the punitive damages award is also likely to be large."  (Opp. Br. at 15:17-18.)  Because the

14  removal statute is construed strictly against removal jurisdiction, and because any doubt must

15  be resolved in favor of remand, *see Gaus*, 980 F.2d at 566, the Court concludes that U.S. Bank's

16  evidence of net worth, without more, is insufficient to support its calculations regarding

17  punitive damages.  Thus, even if the Court accepts U.S. Bank's calculations on damages for the

18  overtime and meal and rest break claims and its calculations with respect to an attorney's fees

19  award, when the Court excludes consideration of punitive damages, U.S. Bank has failed to

20  show it is more likely than not that the amount in controversy under CAFA is satisfied.  For the

21  same reasons, U.S. Bank also fails to show that it is more likely than not that Trahan's

22  individual claims exceed the jurisdictional minimum of $75,000 for diversity jurisdiction.

23          **3.       Trahan's Request for Attorneys' Fees.**

24          Pursuant to 28 U.S.C. § 1447(c), Trahan requests an award of attorney's fees and costs

25  incurred as a result of U.S. Bank's allegedly improper removal.  "An order remanding the case

26  may require payment of just costs and any actual expenses, including attorney fees, incurred as

27  a result of the removal."  28 U.S.C. § 1447(c).  To determine whether to award costs and fees

28  under Section 1447(c), this Court has a "great deal of discretion."  *Morris v.*

*Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993).  Although it was not ultimately persuaded by U.S. Bank's arguments, the Court does not find that U.S. Bank's removal was frivolous or motivated by bad faith.  The Court therefore declines to exercise its discretion to award Trahan's fees and costs under Section 1447(c).

**CONCLUSION**

For the foregoing reasons, Trahan's Motion to Remand is GRANTED, and this matter is HEREBY REMANDED to Alameda County Superior Court.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 30, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8