Edward J. Wynne        (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett         (SBN 154294)
jebpickett@wynnelawfirm.com
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Tel. 415-461-6400
Fax. 415-461-3900

Class Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY TRAHAN, individually and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br>     vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, and DOES 1 through 50, inclusive,<br><br>            Defendant. | **Case No.:** CV 09-03111-JSW<br><br>**PLAINTIFF'S SUMMARY OF ARGUMENT IN SUPPORT OF MOTION TO REMAND**<br><br>Date:  December 6, 2013<br>Time: 9:00 a.m.<br>Dept.: Courtroom 11, 19th Floor<br>Hon. Jeffrey S. White |

Pursuant to this Department's Civil Standing Order No. 7, Plaintiff submits the following Summary of Argument:

Plaintiff requests that this Court remand this action to the California state court, Alameda County because:

1. Defendant's removal was untimely pursuant to 28 U.S.C. § 1446(b)(3) because Defendant had received notice on January 12, 2012 that the potential value of the case *precertification* was over $25 million yet failed to timely remove within 30 days of that date.

2. Defendant's removal is defective because it does not, and cannot, meet the legal certainty standard applicable to *certified* class actions. *Rodriguez v. ATT&T Mobility Services, LCC* (9th Cir. Aug. 27, 2013) – F.3d – 2013 WL 4516757 held that *Lowdermilk v. U.S. Bank Nat'l Ass'n* (9th Cir. 2007) 479 F.3d 994 was "effectively overruled" due to *Standard Fire Ins. Co. v. Knowles* (2013) 133 S.Ct. 1345. However, *Standard Fire* only applies to *precertification* class actions. Because this case has been certified, there is no basis to claim that the legal certainty standard as set forth in *Lowdermilk* as has been overruled as to certified class actions. Therefore, the standard for removal of a certified class action where a plaintiff disavows a claim over $5 million, as is the case here, is legal certainty.

3. Defendant's removal is improper under the preponderance of evidence standard because it is improperly based on faulty assumptions and self-serving speculation. *Garibay v. Archstone Communities LLC* (9th Cir.2013) – Fed.Appx. –, 2013 WL 4517934; *Weston v. Helmerich & Payne Inter. Drilling Co*. (E.D. Cal.2013) 2013 WL 5274283. Defendant cannot satisfy the preponderance of evidence standard because the actual amount in controversy for the case *post-certification* is just $2.3m – an amount well-below the jurisdictional threshold.

4. Defendant's removal is objectively unreasonable on a number of grounds. Accordingly, Plaintiff should be awarded attorney's fees and costs per 28 U.S.C. § 1447(c). The standard for an award of attorney's fees and costs under this section is not whether the removal was frivolous or in bad faith, but whether it was objectively unreasonable. *Martin v. Franklin Capital Corp.* (2005) 546 US 132, 136.

Dated: November 1, 2013   WYNNE LAW FIRM

    /s/Edward J. Wynne
Edward J. Wynne
Class Counsel