IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY TRAHAN,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.
_____/

No. C 09-03111 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 13, 2013, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. Now that the class has been certified, is Mr. Trahan willing to enter into a binding stipulation that the amount in controversy is less than $5,000,000, either as to damages or as to attorneys fees? *See Standard Fire Ins. Co. v. Knowles*, – U.S. –, 133 S.Ct. 1345, at 1350 (2013) (declining to reach issue of whether a stipulation limiting attorneys' fees would be binding).

2. Does Mr. Trahan assert that the allegations in the First Amended Complaint regarding the amount in controversy, which was filed before the class was certified, are now binding? If so, on what authority does he rely to support that position?

3. Does U.S. Bank concede that a motion can put a defendant on notice that a case is or has become removable. *See* 28 U.S.C. § 1446(b)(3); *see also Williams v. Ruan Transport Corp.*, 2013 WL 5492205 (E.D. Cal. Oct. 2, 2013) (noting that motion for class certification and motion for default judgment would have put defendant on notice of class size for purposes of removal under CAFA).

**IT IS SO ORDERED.**

Dated: December 11, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE