IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY TRAHAN,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendant.<br>_____/ | No. C 09-03111 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING ON MOTION TO APPROVE CONTACT LETTER AND SURVEY INSTRUMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JULY 25, 2014, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. Defendant has consistently maintained that a survey should not be used in this case, and it has not been willing to participate in the process of designing a survey. Although Plaintiff's expert has expressed a willingness to cooperate with Defendant's expert, Plaintiff also asserts that Defendant waived its objections to the details of the survey or the use of a survey in general both by refusing to participate in the process and by the fact that it has discussed, analyzed, and criticized the specifics of the proposed instrument.

   If the *Court* required the parties to submit a stipulation, that would thereafter become an Order of the Court, that if Defendant participates in the creation of a survey instrument, it does so on the condition that its participation should not be construed as a waiver of any previously stated objections, would Defendant be willing to reconsider its position, so that it may at least have some input on the process?

2. The parties have submitted supplemental briefs addressing the impact of *Duran v. U.S. Bank, N.A.*, 59 Cal. 4th 1 (2014) on this case. The California Supreme Court did not categorically rule out reliance on statistical sampling to establish liability in mis-classification case, although it noted that this was an "open" and "hotly contested" question in both state and federal courts. *Duran*, 59 Cal. 4th at 37-40. The *Duran* court also stated that "[i]f a defense depends on questions individual to each class member, the statistical model must be designed to accommodate these case-specific deviations." *Id.* at 40.

   a. Assuming for the sake of argument that the Court concludes that the state court's trial plan remains a feasible plan to manage the case on a classwide basis, can the survey instrument be revised to account for any "case specific deviations" that are not already included therein? For example, Defendant argues that the survey does not adequately address the administrative and commissioned sales

2

exemptions? For the sake of argument, what additional questions does Defendant contend should be included to account for these exemptions?

    b. How does Plaintiff propose that Defendant "be given a chance to impeach the [statistical] model or otherwise show its liability is reduced because some plaintiffs were properly classified as exempt?" *See Duran*, 59 Cal. 4th at 38.

    c. Defendant argues that, if the Court approves the use of the survey instrument, it would be relying on non-random data, in part because of "non-response" bias. (*See* Defendant's Supplemental Brief at 3:14-16 (citing *Duran*, 59 Cal. 4th at 43 ("non-response bias can occur if a sample is chosen randomly from a group containing only survey respondents").) How does Plaintiff respond to this argument?

3. The Court is concerned that, as drafted, the "first contact" letter is misleading as to its purpose and to the complete confidentiality of the responses.

    a. Instead of advising recipients that they are part of a "research study," would the parties be amenable to advising the recipients that they are members of the *Trahan* class and that the Court has permitted the parties to conduct this survey to assist the Court during the litigation. To the extent the proposed survey needs to be adjusted as well, would the parties be amenable to that change?

    b. With respect to confidentiality, would the parties be amenable to revising the text to advise recipients that, at this stage, their responses will be anonymous, that Court has reserved the right to permit the parties to file motions to obtain the information as the litigation proceeds, but that their identities and responses will not be revealed either to Plaintiff or Defendant without a Court order. To the extent the proposed survey needs to be adjusted as well, would the parties be amenable to that change?

4. In order to test for bias, the survey instrument asks whether the recipients are aware of the lawsuit and its purposes. Did Dr. Krosnik account for the fact that the recipients already received notice of the class action?

3

5. Would any of Defendant's concerns be remedied if the Court appointed an expert to create and administer the survey? Alternatively, would the parties be amenable to the appointment of a special master in this case?

6. Without repeating arguments set forth in their briefs and without summing up their positions, are there any other issues the parties wish to address regarding the motion to approve the survey instrument?

**IT IS SO ORDERED.**

Dated: July 24, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE