**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY TRAHAN, | No. C 09-03111 JSW |
| Plaintiff, | **ORDER DENYING MOTION TO APPROVE SURVEY INSTRUMENT AND FIRST CONTACT LETTER** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

This matter comes before the Court upon consideration of the motion to approve survey filed by Plaintiff, Jerry Trahan ("Trahan"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it has had the benefit of oral argument. For the reasons set forth herein, the Court HEREBY DENIES Trahan's motion.

## BACKGROUND

Trahan originally filed this case in Alameda County Superior Court ("Superior Court") in 2009, as a continuation of *Duran v. U.S. Bank National Association*, in which the plaintiffs, a group of Business Banking Officers ("BBO"), alleged that U.S. Bank National Association ("U.S. Bank") mis-classified them as exempt employees under California Labor Code section 1171 ("the outside salesperson exemption"). (First Amended Complaint ¶ 12.)[1]

---

[1] The First Amended Complaint is located at Docket No. 68-4 at ECF pages 35-44.

Trahan alleges that notwithstanding a judgment in the *Duran* case, U.S. Bank "has not reclassified the [BBO] to nonexempt" status.[2] (*Id.* ¶ 13.) Trahan alleges that he and the class members "were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried bank employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours," and that U.S. Bank cannot show he and the class members were subject to an exemption. (*Id.* ¶ 14.)

Trahan contends that in this case, in contrast to *Duran*, liability in this case is an "all-or-nothing proposition: either USB classified the BBO position properly or it did not." (*See, e.g.,* Declaration of Connor Moyle in Support of Defendant U.S. Bank National Association's Response to Plaintiff's Discovery Plan and Trial Methodology ("Moyle Decl."), and Ex. A (Plaintiff's Opposition to Defendant's Petition for Peremptory Writ of Mandate and Stay of Trial Proceedings at pages 2, 8)[3]; Plaintiff's Reply ISO Plaintiff's Discovery Plan and Trial Methodology at 12:12-16[4] ("Plaintiff's theory is that evidence from class members, Defendant's corporate and supervisory employees, and documentary evidence will enable the trier of fact to determine whether or not the *job* has been designed implemented and managed as a legitimate outside sales position.") (emphasis added).)

On July 9, 2009, U.S. Bank removed the case to this Court. This Court granted Trahan's motion to remand, and the United States Court of Appeals for the Ninth Circuit affirmed that decision. On August 28, 2012, the Superior Court granted Trahan's motion for class certification and certified the following class: all current and former California-based employees of U.S. Bank, N.A., who were employed as a [BBO] at any time from September 27,

---

[2] On May 29, 2014, the California Supreme Court issued a decision in *Duran v. U.S. Bank National Association,* 59 Cal. 4th 1 (2014), in which it affirmed the Court of Appeal's decision to vacate the judgment and decertify the class. This Court permitted the parties to submit supplemental briefs to address how that ruling might impact the ruling on this motion.

[3] This declaration is located at Docket No. 115-1 at ECF pages 60-61, and Exhibit A is located at Docket No. 115-1 at ECF pages 62-95.

[4] This brief is located at Docket No. 70-8 at ECF pages 68-71 through Docket No. 70-9 at ECF pages 1-15.

2

1  2005 through June 30, 2009. (Order Granting Plaintiff's Motion for Class Certification at
2  31:22-23.)[5]

3  Thereafter, the parties proceeded to litigate how best to manage discovery and trial
4  proceedings. Ultimately, Trahan proposed that the Superior Court issue a survey to class
5  members, so that it could determine the appropriate sample size of class members to serve as
6  representative trial witnesses. In addition, Trahan proposed that if the finder of fact concluded
7  that U.S. Bank misclassified the BBO position, the results also would be used to extrapolate the
8  number of overtime hours class members worked. (*See generally* Case Management Order,
9  dated May 16, 2013 ("May 16 CMO") at 6:19-7:2 & n.2).)[6]

10  On May 16, 2013, the Superior Court permitted Trahan to proceed with the survey
11  procedure, subject to certain modifications, and it ordered Trahan to submit a letter that would
12  be sent to class members in advance of the survey (the "first contact letter") and proposed
13  survey for its review and approval. The Superior Court also permitted U.S. Bank to submit
14  objections to Trahan's proposals. (May 16 CMO at 8:3-17.). On September 25, 2013, the
15  parties argued the motion to the Superior Court, which took the motion under submission.

16  On October 7, 2013, before the Superior Court issued its ruling, U.S. Bank once again
17  removed the case to this Court. After this Court denied Trahan's motion to remand, the Court
18  ordered the parties to re-file their briefs, and it set the matter for hearing.

19  **ANALYSIS**

20  Trahan urges the Court to approve the survey instrument and the first contact letter, and
21  he contends that the ruling in *Duran* does not undermine the Superior Court's decision to
22  proceed with a survey of class members. U.S. Bank argues that the proposed survey and trial
23  plan suffer from the same flaws identified by the California Supreme Court in *Duran* and, thus,
24  argues that the Court should not approve it. However, this case is in a different procedural
25  posture than the *Duran* case. There, the trial court did not obtain expert input before it selected

---

[5] The Order Granting Plaintiff's Motion for Class Certification is located at Docket No. 70 at ECF pages 89-111 through Docket No. 71 at ECF pages 1-11.

[6] The May 16 CMO is located at Docket No. 70-13 at ECF page 44-43

3

a sample of class members to serve as representative trial witnesses. *Duran*, 59 Cal. 4th at 42. Here, as Trahan argues, the purpose of the survey is to provide the Court with information about variability in the population. *See, e.g., id.* (noting that "[o]ne way to assess population variability is through the use of surveys"). The Court would then use the results to select an appropriately sized sample.

As in the *Duran* case, the Superior Court apparently certified the class before it had received evidence on Trahan's specific trial plan. *See Duran*, 59 Cal. 4th at 31-32. In addition, class notice has been issued and the deadline to opt-out has passed. U.S. Bank argues that, as a result, the survey population is inherently biased because of their financial stake in the litigation, and, therefore, the Court cannot obtain an unbiased sample. In the Court's view, the fact that the population is comprised entirely of class members creates a different problem.

Trahan's survey proposal advises respondents that their responses will be completely confidential and that no one will know they participated in the survey. (*See, e.g.,* Plaintiff's Submission of Proposed Pre-Notification Letter re Survey; Third Report of Dr. Jon A. Krosnik in Support of Plaintiff's Motion to Approve Survey, Appendix A (Draft Survey Questionnaire at p.2).)[7] Although the Superior Court stated that the responses would not be disclosed to either party or their counsel, it did not rule out the possibility that the court might order disclosure of the responses at a later time. At the hearing on this motion, the Court asked whether the parties would agree to modify the first contact letter and the survey instrument to advise potential respondents that their responses might not be kept confidential. Trahan opposed this suggestion on the basis that to do so would violate best practices associated with survey methodology.

The proposed survey instrument is asking the population, which, as noted, is composed entirely of class members, *i.e.* parties, for substantive information about their work experiences at U.S. Bank. Those responses arguably would be discoverable information under Federal Rule of Civil Procedure 26(b)(1). In light of that fact, the Court finds that it would be misleading to advise class members that their responses will never be connected to their name, and the Court

---

[7] Plaintiff's proposal regarding the first contact letter is located at Docket No. 116-2 at ECF pages 10-13. Dr. Krosnik's Third Report is located at Docket No. 116-2 at ECF pages 58-89. The Draft Survey is located at Docket No. 116-2 at ECF pages 75-89.

is not willing to make a ruling that U.S. Bank should never have access to those responses. *See, e.g., Duran*, 59 Cal. 4th at 40 ("Procedural innovation must conform to the substantive rights of the parties.").

However, if the survey is not conducted anonymously, it may well violate best practices associated with survey methodology. Further, it is entirely possible that if Dr. Krosnik advises potential respondents that their responses would not be completely anonymous, it would exacerbate the issue of non-response bias as well as the issue of any bias associated with the fact that each class member has an interest in the outcome of this litigation. *See, e.g., id.* at 43 ("A sample that includes even a small number of interested parties can produce biased results.").

Accordingly, the Court DENIES Trahan's motion to approve the survey instrument and the first contact letter. In light of this ruling on this motion, and without expressing any views on the merits of a motion to decertify, the Court will permit U.S. Bank to file a motion to decertify the class, but it will require that U.S. Bank limits arguments to the issues of commonality, predominance, and manageability. U.S. Bank shall file its motion by no later than September 12, 2014, and it shall notice the motion for a hearing in accordance with the Northern District Civil Local Rules.

**IT IS SO ORDERED.**

Dated: July 29, 2014

                                                                   JEFFREY S. WHITE
                                                                   UNITED STATES DISTRICT JUDGE