IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY TRAHAN, | No. C 09-03111 JSW |
| Plaintiff, | **ORDER IMPOSING SANCTIONS** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

On October 14, 2014, Defendant filed an administrative motion to seal Exhibits 47 and 48 to Plaintiff's opposition to Defendant's motion to decertify the class. As the Court previously stated, Defendant had submitted these exhibits in support of its motion to decertify the class, with an administrative motion to seal. Notwithstanding that fact, Plaintiff, through counsel, filed the documents in the public record when he filed his opposition to the motion to decertify. Accordingly, the Court issued an Order to Show Cause, directing Plaintiff's counsel to show cause why the Court should not impose monetary sanctions on him. (*See* Docket No. 169.)

Plaintiff's counsel states that he did not believe there was any valid order in place directing that the documents be filed under seal and, therefore, deferred to the presumption of public access. Plaintiff's counsel also states that "none of the procedures under Local Rule 79-5 had been satisfied," although he fails to explain this in greater detail. Although there was no order in this Court that permitted the documents to be filed under seal, that is because the Court had not yet ruled on Defendant's motion.

    Moreover, Northern District Local Rule 79-5(e) expressly sets forth procedures about filing documents under seal that have been designated as confidential by an opposing party, and that rule places the burden on the designating party to show that the documents should be sealed.  N.D. Civ. L.R. 79-5(e)(1).  Therefore, if Plaintiff, or his counsel, believed that the documents should not be sealed, or that Defendant's motion to seal suffered from procedural flaws, the proper action to take would have been to oppose Defendant's original motion. Similarly, when he filed his opposition to the motion to de-certify, Plaintiff, through his counsel, could have filed a motion to seal those exhibits and could have set forth his position that he did not believe the documents should be sealed.

    The Court does not find Counsel's justifications for his actions persuasive. Accordingly, the Court HEREBY IMPOSES sanctions in the amount of $250.00 on Plaintiff's counsel, Edward J. Wynne.  Mr. Wynne shall pay these sanctions to the Clerk of the Court by no later than November 7, 2014.

**IT IS SO ORDERED.**

Dated: October 29, 2014

                                                  JEFFREY S. WHITE
                                                 UNITED STATES DISTRICT JUDGE